## TEMPLE'S ADMR. *v.* BECK & MESSING SLAUGHTER.

**Note — Non Est Factum.**

The appellee plead *non est factum* to the note, and it is conceded that the evidence as to handwriting leaves the genuineness of the note doubtful; we think the circumstances greatly preponderate in favor of its validity.

APPEAL FROM KENTON CIRCUIT COURT.

June 25, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Johnson sold to appellees a tract of land and executed his deed to them July 29, 1859, at $500, to be paid, $150 March, 1860;

$150 March 1, 1861, and $200 March 1, 1862. At the same time decedent, Temple, sold to Johnson a house at $150 and was to take one of these payments. The appellees took possession of this land, cut and sold the timber, and have never been disturbed or turned out.

The evidence tends to prove that the use of the timber was a great inducement and that appellees were more anxious to get it than to ascertain the validity of the title.

Temple having died his administrators bring this suit to recover the $150, evidenced by a note payable to him, dated July 30, 1859, and indorsed, " I assign the within note to Joseph Temple for value received of him.   E. D. W. Johnson.

"Tobeth Johnson."

To this note appellees plead *non est factum*. The evidence further tends to prove that one of the obligors, after service of process, at least after suit, desired to renew the note and get further time.

If it be conceded that the evidence as to handwriting leaves the genuineness of the note doubtful, we think the circumstances greatly preponderate in favor of its validity. It was nearly six years from the date of the note to the bringing of this suit, and had Temple still survived it is likely further indulgence would have been granted; this debt has never been paid, but was, after the suit was brought, still recognized as subsisting by one of the obligors; the note being subsequent in date to the deed indicates that a subsequent transaction was made between Temple and appellees, rather fortified than expelled by the indorsement by Johnson and wife on the back of the note.

Wherefore, the judgment is reversed, with directions to enter judgment for appellants on said note.